JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 11-00165-CJC(Ex)                              Date: February 7, 2011

Title: POSSESS THE LAND, INC. v. RAFAEL VASQUEZ

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                  None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT** [filed 1/28/11]

     Plaintiff Possess the Land, Inc. ("PTL") filed suit in California state court alleging the state law claim of unlawful detainer and seeking less than $10,000 in damages. (Notice of Removal, Ex. 1.)  Defendant Rafael Vasquez removed this action from state court on January 28, 2011 alleging federal question and diversity jurisdiction.  (Notice of Removal at 2.)

     In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000.  28 U.S.C. §§ 1331, 1332.  The Court, on its own motion, REMANDS this suit to state court because the Court lacks subject matter jurisdiction.

     In his notice of removal, Mr. Vasquez argues that this case arises under federal law because PTL's complaint "pleads and alleges claims 'arising under' [f]ederal [l]aw." (Notice of Removal at 2.)  This basis for removal is without merit because PTL's complaint alleges only a state law unlawful detainer cause of action.  Mr. Vasquez further alleges there is federal question jurisdiction based upon his "[d]iscovery [r]equest and [d]emand for [an original promissory note] and as to identify the statutory basis for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00165-CJC(Ex)　　　　　　　　　　　　Date: February 7, 2011
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

discovery request/demand and other claims." (Notice of Removal at 2.) But Mr. Vasquez's reference to a discovery request similarly does not give rise to federal question jurisdiction.

　　　Mr. Vasquez's notice of removal also attempts to invoke diversity jurisdiction. The notice of removal makes a conclusory statement that "[f]rom the allegation[s] set forth in the State [C]omplaint . . . [Mr. Vasquez] believe[s] that the amount of controversy exceeds . . . $ 85,000 (Eighty-Five Thousand Dollars)." (Notice of Removal at 2.) This claim is without basis. PTL's suit alleges the state law claim of unlawful detainer and seeks less than $10,000 in damages. (Notice of Removal, Ex. 1.) Indeed, PTL seeks damages of $43.00 per day beginning September 30, 2010 plus costs and other just relief. (Notice of Removal, Ex. 1.) Thus, Mr. Vasquez has not satisfied the amount in controversy requirement to invoke diversity jurisdiction.

　　　Therefore, the Court, on its own motion, hereby REMANDS this suit to state court because the Court lacks subject matter jurisdiction.

tlh

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU